MARY M. CALHOUN, PLAINTIFF-PROSECUTOR, v. MARY E. CLARK, DEFENDANT-RESPONDENT.

Decided April 27, 1931.

Before Justices CASE, DALY and DONGES.

For the plaintiff-prosecutor, *Charles De F. Besore* and *Samuel D. Lenox.*

For the defendant-respondent, *James J. McGoogan.*

PER CURIAM.

Alfred T. Clark, husband of the defendant, and father, by a former wife, of plaintiff, died May 21st, 1921, leaving certain real estate properties to defendant for life with the remainder over to the plaintiff. Plaintiff now sues for permissive waste, claiming that the defendant used some of the rentals for her own needs whereas she should have applied them, all if necessary, to preserving the properties. All the buildings have deteriorated, some have been torn down, and

one of the properties has been subjected to the foreclosure of a mortgage and the sale to a third party.

The defendant denies that she is responsible for the present situation. She contends that the buildings were ramshackle when her husband died and that she has spent practically all of the income for taxes, insurance, mortgage interest and repairs, that the properties are in undesirable locations and that the rentals are insufficient to carry them. The jury verdict at the Monmouth Circuit was for defendant and against the plaintiff. Plaintiff seeks a new trial on the single ground that the verdict was contrary to the weight of the evidence.

The complaint originally embraced four properties. By voluntary nonsuit one of these was eliminated. The dispute now relates to (1) No. 466 North Clinton avenue, (2) Nos. 19 and 21 Fillmore street, and (3) a tract of land on Lamberton street on which, at Mr. Clark's death, were six frame houses; all in the city of Trenton. At Mr. Clark's death, the parcels, with improvements, were appraised at $2,750, $3,200 and $5,100, respectively, and were subject, respectively, to mortgages of $1,300, $1,500 and $3,000. At the same time the monthly rentals were as to the first parcel, a combination frame store and dwelling house, $35; as to the second parcel, containing two semi-detached dwellings, $19 for each dwelling; and from parcel No. 3, $9 for each of the six dwellings.

It is admitted that at the testator's decease the properties were old, had not been painted for a number of years and had reached the point where they needed immediate repair. It was testified by Tony C. Chifelli, one of plaintiff's witnesses, that "there was a lot of work to be done to the houses before Mr. Clark died, and he told me he was going to do it, but he died, and it was never done and the houses were getting worse all the time." The six houses on Lamberton street were on a lot that in its entirety was only seventy-eight feet front, sixty-seven feet rear, forty-three feet deep at one end and forty feet deep at the other, and abutted the Trenton Water Power raceway. The location was undesirable and the neighborhood was unruly. Depredation and deterioration caused the city authorities to raze not only these six houses,

but thirteen others, belonging to strangers to this action, in the same neighborhood. The city building inspector, another of the plaintiff's witnesses, testified that he did not recollect seeing any paint on these houses since 1907 and that "they had not been tenantable, to call them tenantable, in ten years" prior to 1928. If this testimony be true, the plaintiff is in the position of demanding that the life-tenant not merely preserve the property in *statu quo,* but that she re-establish it to a condition superior to that which it was in at the testator's death, and there was no suggestion that the plaintiff as remainderman offered to contribute toward the cost of such betterment.

There is no charge of wrongdoing by the defendant other than her alleged failure to apply the income to maintenance and repairs. That allegation, with respect to each of the properties, she denies, and she adduces testimony in support of her contention. There is testimony in derogation thereof, but we cannot say that the jury in its verdict was actuated by mistake, passion or prejudice, or that the verdict is so clearly against the weight of the evidence as to justify a retrial on that ground.

The rule will be discharged, with costs.